IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CORINA GONZALEZ, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:17-cv-67 |
| BURGER KING CORPORATION, | § § § | |
| Defendant. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Burger King Corporation ("Defendant") removes this action from the 370th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, as follows:

### I.
### COMMENCEMENT AND SERVICE

1. On February 3, 2017, Plaintiff Corina Gonzalez ("Gonzalez") commenced this action against Defendant by filing Plaintiff's Original Petition (the "Petition") in the 370th Judicial District Court of Hidalgo County, Texas, styled Cause No. C-0545-17-G; *Corina Gonzalez v. Burger King Corporation* (the "State Court Action").[1] In the State Court Action, Plaintiff seeks damages for personal injuries based on Plaintiff's alleged negligence.[2]

2. Defendant was served on February 8, 2017, therefore this removal is timely under 28 U.S.C. § 1446(b).

---

[1] *See* Copy of Plaintiff's Petition, attached under Exhibit C.
[2] *See* Copy of Plaintiff's Petition, Sections IV-VI, attached under Exhibit C.

3. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(3).

5. The United States District Court for the Southern District of Texas, McAllen Division, has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1331 and 1332(a).

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-LR81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A:** An index of matters being filed;

**Exhibit B:** All executed process in the case;

**Exhibit C:** Pleadings asserting causes of action;

**Exhibit D:** The docket sheet; and

**Exhibit E:** A list of all counsel of record, including addresses, telephone numbers and parties represented.

7. Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 370th Judicial District Court of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.

## DIVERSITY JURISDICTION

8. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs. Therefore, the United States District Court for the Southern District of Texas, McAllen Division, has jurisdiction over this action.

### A. DIVERSITY OF CITIZENSHIP

9. Plaintiff is a natural person so her citizenship for diversity purposes is determined by "where [she is] domiciled, that is, where [she has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009)(citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas.[3] Thus, Plaintiff is a citizen of Texas.

10. Defendant Burger King Corporation is a corporation, so its citizenship for diversity purposes is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to the corporation's "nerve center," i.e., the place where the corporation's officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S.77, 92-93 (2010). When the corporation's headquarters is the actual center of direction, control and coordination... and not simply an office where the corporation holds its board meetings, the principal place of business should be where the corporation's headquarters is located. *Id.* Defendant's state of incorporation

---

[3] *See* Copy of Plaintiff's Petition, Section II, attached under Exhibit C.

is Florida.[4]  Defendant's principal place of business is located in Miami, Florida. Thus, Defendant is a citizen of Florida for diversity purposes.

11. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Florida, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**A. AMOUNT IN CONTROVERSY**

12. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13. Plaintiff's Petition alleges that her "damages exceed the Court's jurisdictional minimum and exceed $75,001.00."[5] Plaintiff also alleges that she "seeks monetary relief of over $1,000,000.00."[6] Although Defendant vehemently denies that Plaintiff is entitled to any relief, it is apparent from the face of the Petition that the amount at issue exceeds $75,000, exclusive of interests and costs.

14. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Therefore, removal is proper.

---

[4] *See* Copy of Plaintiff's Petition, Section II, attached under Exhibit C.
[5] *See* Copy of Plaintiff's Petition, Section VI, attached under Exhibit C.
[6] *See* Copy of Plaintiff's Petition, Section VI, attached under Exhibit C.

## IV.
## JURY DEMAND

15.     Plaintiff has demanded a jury trial in the State Court Action.

## V.
## CONCLUSION

WHEREFORE, Defendant Burger King Corporation removes this action from the 370th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. sections 1441 and 1446, so that this Court may assume jurisdiction over the cause as provided by law.

 Dated: March 8, 2017                                  Respectfully submitted,

*/s/ Eric C. Wood*
**Eric C. Wood**
State Bar No. 24037737
Eric.Wood@solidcounsel.com
**Byron K. Henry**
State Bar No. 24008909
Byron.Henry@solidcounsel.com
**Audra L. Mayberry**
State Bar No. 24068615
Audra.Mayberry@solidcounsel.com

SCHEEF & STONE, LLP
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Facsimile: (214) 472-2150

**ATTORNEYS FOR DEFENDANT
BURGER KING CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on the following via the Court's CM/ECF system and/or certified mail, return receipt requested on this 8th day of March, 2017:

David Henderson
Victor Cerda
COWEN/MASK/BLANCHARD
62 E. Price Road
Brownsville, Texas 78521
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

*/s/ Eric C. Wood*
Counsel for Defendant